Rosanna Luby ARVEDSON, Appellant,

v.

Hazel K. LUBY and Jeanne Luby Taylor, Appellees.

No. 12050.

Court of Civil Appeals of Texas, Austin.

Aug. 8, 1973.

H. Thomas Hirsch, Ater & Hirsch, Robert Trenchard, Jr., Odessa, for appellant.

Craig Porter, Upton, Shannon, Porter & Johnson, San Angelo, for appellees.

O'QUINN, Justice.

Appellees, Hazel K. Luby and Jeanne Luby Taylor, filed suit in district court of Tom Green County, seeking to dissolve a partnership with appellant, Rosanna Luby Arvedson, in the operation of a cafeteria business located in the Village Shopping Center of San Angelo.

The business originally was established by M. S. Luby, now deceased, and for more than fifteen years was conducted as "Luby's Cafeterias," with Hazel K. Luby, widow of deceased, and Jeanne Luby Taylor and Rosanna Luby Arvedson, daughters of deceased, the sole remaining partners. Through devise and bequest, and as a result of transfer of interests by sale, plaintiffs below owned eighty-five percent of the partnership and appellant, defendant below, owned the remaining fifteen percent of the business.

Petition for dissolution of the partnership was filed on April 3, 1972, and was timely answered by defendant. Thereafter, on August 21, 1972, defendant filed her first motion for continuance. The transcript on file in this Court does not disclose the trial court's action on the motion, but does show that on November 15, 1972, defendant filed "her second Application for Continuance," and also filed on the same day a motion for discovery which, after hearing, was denied by the trial court that day.

It appears from the trial court's judgment later entered that the cause had been set for trial in August and, by reason of the first motion for continuance, the case was reset for trial on November 21, 1972. The hearing on the second motion for continuance appears to have been at a call of the docket on November 15, in anticipation of trial on November 21.

Defendant appeared in court on November 21 and advised the court she was not ready for trial and stated that she no longer had an attorney. When asked by the court, "Did he quit and walk out or did you fire him?" the defendant replied, "I fired him." Defendant had fired her attorney on November 16, after the court on the previous day denied the second motion for continuance and refused to postpone trial of the cause beyond November 21.

Defendant's former attorney, whom she had fired on November 16, was present in court the morning of trial and stated to the court he was willing to represent defendant, knowing defendant was without a lawyer and that he had represented her in all proceedings in the controversy since its beginning in April.

It is undisputed that defendant, after discharging her attorney on November 16, undertook on November 18 by long distance telephone to employ another attorney, not resident in that county, to represent her. On November 21, the day set for trial, the newly employed attorney sought postponement, both by telephone and by telegram, on the basis that the attorney was not sufficiently acquainted with the case and was too ill to appear in person. No written motion for continuance in compliance with Rule 251, Texas Rules of Civil Procedure, was presented to the trial court.

From the bench, the court stated, "I don't like to have an attorney fired just before trial, and I don't consider that that in itself furnishes a ground for denial of trial at this time."

The cause went to trial, with defendant present but continuing to refuse the services of counsel she had discharged five days earlier. After trial had proceeded more than fifty percent of its duration, defendant's former counsel who was still present in court orally requested permission to withdraw, which the court granted.

After trial before the court on the merits, the court on December 1, 1972, entered judgment dissolving the partnership and ordering plaintiffs to deliver into the registry of the court, for the account of defendant, the sum of $28,289.21.

Defendant perfected her appeal and brings six points of error. All points are directed to failure of the trial court to grant defendant's motions for continuance and none is upon the merits of the case.

We will overrule all points of error and affirm judgment of the trial court.

Under her points of error appellant contends, in brief, that the trial court erred (1) in not granting the second motion for continuance presented by appellant's attorney on November 15 and (2) in not granting the request for continuance presented orally and by telegram on November 21.

In the first motion for continuance, presented on August 21, appellant alleged that an accounting firm had been engaged, "with the express consent of the Plaintiffs . . . to make an audit of the books" of the partnership's downtown cafeteria, an operation of the partnership that had been closed, and she could not safely go to trial without bank statements and checks from the downtown cafeteria. Appellant prayed for continuance "until Plaintiffs have furnished the partnership books or copies thereof and until your Defendant has had an opportunity to have said books audited."

The trial court reset the case for November 21, allowing three months for the audit. An audit was made, at the behest of appellees, by a certified public accountant who had prepared audits and reports for the partnership since 1960.

In her second motion for continuance, filed November 15, appellant stated that certain records of the partnership had been furnished her attorney by plaintiffs, but that janitors cleaning the attorney's offices had improvidently removed the records and thrown them away. Appellant represented to the trial court that she believed plaintiffs had not furnished "full and complete information and books concerning and affecting the partnership business."

At the hearing on the second motion for continuance counsel for appellant was advised that the certified public accountant, who had made the recent audit and who had audited the partnership accounts for the past twelve years, would be present at the trial, and that, to accommodate appellant and her counsel, trial would be delayed for an afternoon, or until the following day, to afford them opportunity to interview the accountant and examine his audit before going to trial.

■ The granting or denial of an application for continuance rests within the sound discretion of the trial judge. Hernandez v. Heldenfels, 374 S.W.2d 196, 202 (Tex.Sup.1963). In August, three months prior to the hearing on the second application for continuance, the trial court had accorded appellant additional time in which to examine records and books of the business. Certain of the records had been delivered to appellant's attorney by appellees, and by accident the records were thrown away. In May of 1972, when appellant's deposition was taken, counsel for appellees advised appellant and her attorney that the accountant having records, from which reports had been furnished all partners, including appellant, for the past ten to twelve years, was available, as were the books of the business.

Counsel for appellees told appellant, "The people that I represent, who are partners with you in this business, here now expressly authorize you, and we will authorize in writing, that your attorney talk with Anglin & Baldwin [accountant] to any extent that he desires, and see any of the books, and receive any explanation that he wants with regard to those books . . ." Appellant replied that "the books we want to see are the locally kept books," not the records sent to the Dallas accounting firm. Counsel enlarged his

statement then to include, "Any records, books, any check deposit slips, or anything you want to see locally."

Appellant's deposition was on file when the trial court acted on the second motion for continuance and declined to delay trial beyond November 21. Appellant testified by her deposition that she believed it "better for everybody concerned if my interest were purchased out." Appellant conceded that on at least four occasions prior to this suit she had consulted attorneys, one in Lubbock, one in Odessa, and two in San Angelo, with a view to winding up the partnership and getting her interest paid for. The Odessa attorney, in behalf of appellant, had made an offer to sell appellant's interest in the partnership to the other partners. Appellant had not participated actively in conduct of the partnership business for about three years at the time her deposition was taken in May of 1972.

 The record fails to show that appellant was prejudiced by the trial court's action in overruling her second application for continuance. From an examination of the record we are satisfied that the court did not abuse its discretion in denying the continuance and refusing to delay trial. Action of the trial court denying the application will not be disturbed unless the record discloses a clear abuse of discretion. Hernandez v. Heldenfels, *supra;* Sears, Roebuck and Company v. Jones, 303 S.W. 2d 432, 435 (Tex.Civ.App. Waco 1957, writ ref. n. r. e.); Estes v. Republic National Bank of Dallas, 450 S.W.2d 397, 399 (Tex.Civ.App.), affirmed, 462 S.W.2d 273, 276 (Tex.Sup.); American Trendex Corporation v. Ultradyne Corporation, 490 S. W.2d 205, 207 (Tex.Civ.App. Austin 1973, writ ref. n. r. e.).

We consider next appellant's contention that the trial court erred in not granting her a continuance after she had discharged her attorney five days before trial and attempted to engage another lawyer to represent her. The trial court refused to delay trial beyond the setting of November 21 when the second motion for continuance was denied on November 15. The following day appellant discharged her attorney and took part of her files from his office. Two days later she sought to employ an attorney practicing in Odessa, without explaining that the setting of November 21 was for trial and not merely a pretrial hearing; nor did appellant advise the Odessa attorney that two applications for continuance had been filed by her former attorney. The Odessa attorney was ill at the time and had not recovered sufficiently the following week to make appearance in appellant's behalf on November 21.

The attorney appellant discharged had represented her from a time shortly after appellees filed suit early in April of 1972 and presumably was conversant with the facts and issues of the controversy. At no time prior to trial nor at any time after trial in hearing on motion for new trial, did appellant take the position that she regarded the attorney as incapable of handling her case. The attorney had answered for appellant, presented the successful application for continuance in August, and made appearances in the taking of four oral depositions, one of which was that of appellant.

The application appellant refers to was made in her behalf by her newly employed counsel, who called the judge of the court by long distance telephone and also sent a telegram requesting that the case be continued. The attorney later stated, in making written request not to be shown as counsel in the judgment, that when first consulted by appellant on November 18 the fact that the case was set for trial on November 21 was not made clear and that if the fact had been made clear, employment would not have been accepted. The attorney added, "Since I have learned of the first continuance granted by the Court in August, I can understand the Court's proceeding to trial in November. Nevertheless, I had no information about this continuance when I talked to you [the Court] on November 21st."

Appellant failed at the hearing on motion for new trial to offer any showing that the absence of counsel at the trial on November 21 was not due to her lack of diligence, nor attributable to her negligence. We regard the record as conclusive that appellant's failure to be represented at trial was brought about by her own conduct in discharging the only counsel familiar with her case, knowing that the case was scheduled for trial five days later. Appellant's negligence under the circumstances left unavailable to her the grounds for continuance that absence of counsel was without lack of diligence, and without fault, on her part. Van Sickle v. Stroud, 467 S.W.2d 509, 511 (Tex.Civ.App. Fort Worth 1971, no writ); Strode v. Silverman, 217 S.W.2d 454, 456 (Tex.Civ.App. Waco 1949, writ ref.).

Rule 251, Texas Rules of Civil Procedure, requires that continuance be granted only "for sufficient cause supported by affidavit . . ." Appellant's application for continuance on November 21, the day of trial, did not comply with the Rule, since the motion was neither verified nor supported by affidavit. Before the trial court may exercise its discretion there must be a motion presented in confomity with Rule 251. Drake v. State, 488 S.W.2d 534, 535 (Tex.Civ.App. Dallas 1972, writ ref. n. r. e.). Since the Rule was not complied with, this Court will presume that the trial court did not abuse its discretion in denying continuance, absent a showing to the contrary. Watson v. Godwin, 425 S. W.2d 424, 430 (Tex.Civ.App. Amarillo 1968, writ ref. n. r. e.).

We conclude that the record fails to show that the trial court abused its discretion in overruling appellant's second motion for continuance on November 15 and the third motion on November 21.

The judgment of the trial court is affirmed.

Affirmed.