**Charlotte S. MANEIKIS and Walter Maneikis, Defendants-Appellants,**

v.

**STATE of Indiana, Plaintiff-Appellee.**

**No. 3–1178A299.**

Court of Appeals of Indiana, Third District.

July 24, 1980.

William G. Conover, Conover, Claudon & Chew, Valparaiso, for defendants-appellants.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for plaintiff-appellee.

GARRARD, Presiding Judge.

In 1968, the State of Indiana filed a complaint in the Porter Superior Court seeking to condemn certain realty owned by Charlotte S. Maneikis. After hearing, the court determined that the state was entitled to appropriate the land and appointed three disinterested freeholders of the county to view the property and assess Mrs. Maneikis' damages. The appraisers returned an appraisal of $13,642.50 and both parties excepted and demanded a jury trial on the issue of just compensation. The court set the trial date for August 1, 1974. Due to numerous delays, the matter did not actually go to trial until Monday, April 3, 1978.

On March 31, 1978, the preceding Friday, Mrs. Maneikis met with the judge of the Porter Superior Court and expressed dissatisfaction with her attorney. In an affidavit, she states that she told the judge that she was distressed over the indifference and neglect that her attorney had exhibited toward her over the preceding nine years. She informed the judge that because of her counsel's failure to meet with her that week, she had decided to terminate his services. She claimed that she had learned the day before that she could discharge her lawyer merely by asking the judge's permission to do so. Mrs. Maneikis declared that she was severing all connections with the attorney and then asked the judge to postpone the trial to give her time to hire a new lawyer.

Mrs. Maneikis asserts that the judge told her that he would delay the trial and that he advised her not to talk to another attorney over the weekend. However, in a counter affidavit, the judge contradicts this version of the conversation and asserts that while he indicated that there would be a good chance of a postponement, he told Mrs. Maneikis that he could not then grant a continuance ex parte. In addition, he states that he gave no advice to her concerning employment of new counsel.

On Monday morning, a meeting was held in the judge's chambers with Mrs. Maneikis, her attorney, and the state's attorneys present. The state was not agreeable to a continuance, and Mrs. Maneikis' attorney announced that for better or for worse, he was there ready, willing, and able to try the case. However, Mrs. Maneikis insisted that she not be associated with her attorney for one minute longer and again requested a continuance in order to find someone else to represent her. Citing the fact that she had had nearly ten years to do something about the situation and disapproving her "eleventh hour" attempt to postpone the proceedings, the judge decided to deny her request. He also noted his obligation to the state and to the jurors. The judge informed Mrs. Maneikis of the difficulty she would have in representing herself and that it could jeopardize her case to discharge her counsel without another lawyer ready to step in. He suggested that Mrs. Maneikis try to proceed with her attorney the best she could, but she expressed an unwillingness to do so and asked if they could just go on without him.

Trial began that same morning and ended the following day with Mrs. Maneikis appearing pro se. She renewed her motion for a continuance, but it was denied. Despite encouragement from the court, Mrs. Maneikis offered no witnesses, no cross-examination, and no final argument. After brief testimony from the state's two witnesses, the jury returned a verdict finding

Mrs. Maneikis entitled to $8,500 in damages. Upon the overruling of her motion to correct errors, Mrs. Maneikis perfected an appeal to this court.[1]

■ Mrs. Maneikis contends that the trial court's refusal to grant her a continuance constituted an abuse of discretion and denied her a fair trial. In Indiana the decision to permit or refuse a motion for a continuance is committed to the discretion of the trial court, but such a motion should be granted when good cause is shown. *Indiana Alcoholic Beverage Commission v. State ex rel. Harmon* (1978), Ind., 379 N.E.2d 140; Indiana Rules of Procedure, Trial Rule 53.4. Finding no cases directly on point in· the state,[2] we turn to other jurisdictions.

In *Ungar v. Sarafite* (1964), 376 U.S. 575, 84 S.Ct. 841, 11 L.Ed.2d 921, the United States Supreme Court stated,

"The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel. *Avery v. Alabama*, 308 U.S. 444, 60 S.Ct. 321, 84 L.Ed. 377. Contrariwise, a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality. *Chandler v. Fretag*, 348 U.S. 3, 75 S.Ct. 1, 99 L.Ed. 4. There are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied. *Nilva v. United States*, 352 U.S. 385, 77 S.Ct. 431, 1 L.Ed.2d 415; *Torres v. United States*, 270 F.2d 252

(C.A. 9th Cir.); *cf. United States v. Arlen*, 252 F.2d 491 (C.A. 2d Cir.)."

*Id.* at 589–90, 84 S.Ct. at 849–50, 11 L.Ed.2d at 931.

Of course, the cases do not support the proposition that a party in a civil case secures an absolute right to a continuance merely because an attorney withdraws or is discharged. If it were otherwise, a party could prolong litigation interminably merely by inducing counsel to withdraw or by discharging him. *See* Annot. 48 A.L.R.2d 1155. While courts have been careful to safeguard a party's right to be represented by counsel at trial, they have not overlooked the co-relative right of the opposing party to have his timely day in court. *Nixon v. Harris* (1975), 31 Ill.App.3d 204, 333 N.E.2d 667; *Mitchell v. Bousson* (1970), 29 Mich.App. 222, 185 N.W.2d 52.

*Arvedson v. Luby* (Tex.Civ.App.1973), 498 S.W.2d 253, presents a factual situation similar to the case at bar. In *Arvedson* the defendant discharged her attorney five days before trial. On the morning trial was scheduled to commence, the defendant appeared, advised the court she was not ready to begin, and stated that she no longer had an attorney. Despite the fact that her former counsel was in the courtroom willing to represent her, the defendant refused his services. The trial court denied a motion for a continuance and proceeded in the absence of any defense counsel. A judgment was eventually entered adverse to the defendant. In affirming the trial court's action, the appellate court held,

"Appellant failed at the hearing on motion for new trial to offer any showing that the absence of counsel at the trial on November 21 was not due to her lack of diligence, nor attributable to her negligence. We regard the record as conclusive that appellant's failure to be repre-

---

1. Mrs. Maneikis obtained new counsel for this appeal.

2. In *Ashbrook v. Ashbrook* (1977), Ind.App., 366 N.E.2d 667 the court held that it was an abuse of discretion to deny a motion for a continuance made by the defendant at a hearing where he was without counsel with ade-

quate preparation. However, we find this case readily distinguishable. There the attorney had *withdrawn* his representation on the day of the hearing over the objection of his client. In the present case, we are faced with a party who voluntarily *discharged* her attorney despite the attorney's willingness to proceed.

sented at trial was brought about by her own conduct in discharging the only counsel familiar with her case, knowing that the case was scheduled for trial five days later. Appellant's negligence under the circumstances left unavailable to her the grounds for continuance that absence of counsel was without lack of diligence, and without fault, on her part. [citations omitted]."

*Id.* at 257. The same result was reached in nearly identical circumstances in *Conditioned Air Co. v. Post* (Colo.Ct.App.1973), 513 P.2d 215; *Barham v. Barham* (La.Ct. App.1976), 337 So.2d 289; and *Medved v. Medved* (1965), 27 Wis.2d 496, 135 N.W.2d 291.

■ In the present case, Mrs. Maneikis' disillusionment with her attorney had, by her own account, existed over a nine or ten year period. She asserted to the trial judge that she had tried for four years to find another lawyer, but had been unsuccessful. Considering the fact that ten years had already lapsed since the initial filing of the complaint, the judge was justifiably reluctant to grant Mrs. Maneikis' last minute appeal for a postponement on grounds that first became known to him on the very eve of trial. He understandably wanted this case to be finally brought to a conclusion. Under the circumstances, we can find no abuse of discretion in the court's denial of the requests for a continuance.

Affirmed.

STATON and HOFFMAN, JJ., concur.