COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| MARK DODGE, DIANE WELCH, | § | |
| DONNA SAKKINEN, DEBRA SONG, | | No. 08-08-00122-CV |
| WAYNE MCDONOUGH, SHERI | § | |
| MCDONOUGH, PHILLIS | | Appeal from the |
| MCDONOUGH, AND RANDY | § | |
| MCDONOUGH, | | 68th District Court |
| | § | |
| Appellants, | | of Dallas County, Texas |
| | § | |
| v. | | (TC# DC-04-00898) |
| | § | |
| WARREN DODGE, JR., | | |
| | § | |
| Appellee. | | |
| | § | |

**O P I N I O N**

Appellants, Mark Dodge, Diane Welch, Donna Sakkinen, Debra Song, Wayne McDonough, Sherri McDonough, Phillis McDonough, and Randy McDonough, appeal the trial court's judgment entered in favor of Appellee, Warren Dodge, Jr. We affirm.

**BACKGROUND**

Florence Wagner died leaving a house located on Barstow Boulevard in Dallas, Texas, to her nine grandchildren, presumably in equal shares.[1] In 1992, Appellee and his five children, having been evicted from Diane Welch's residence, moved into the house on Barstow Boulevard. The family's expectation was that Appellee could live in the residence for free if he paid the taxes on the property. Twelve years later, he filed suit seeking sole ownership of the property on grounds of

---

[1] A contested handwritten document executed by Wagner in 1978, was found, and the document appeared to devise her property to her daughter, who is now deceased, and then to seven of her grandchildren. Wayne and Sherri McDonough's names were omitted. However, this appeal does not concern whether the document was a holographic will or to whom the property passed. Thus, we assume, as the parties did below, that all nine grandchildren own the property in equal shares.

adverse possession. The trial court ordered the parties to mediation, and on June 30, 2005, the parties signed a settlement agreement.

Pursuant to the terms of the agreement, the parties were to execute an agreed order, prepared by Appellee, dismissing all claims with prejudice. The agreement did not specify when the agreed order was to be prepared; however, the agreement did state that Appellee was to deliver drafts of any further documents to be executed in connection with the settlement agreement to Appellants within ten days from June 30, 2005, the date the agreement was signed. The agreement also provided that Appellee would purchase the Barstow property by paying Appellants the sum of $24,277.77 on or before October 31, 2005, and if he did not, he would move from the residence by January 31, 2006, and the property would be listed for sale on February 1, 2006. If Appellee purchased the Barstow property, Appellants agreed to sign all documents necessary to close on the property.

On April 11, 2007, Appellants filed a motion to dismiss Appellee's claims with prejudice, alleging that he failed to perform under the terms of the settlement agreement. Specifically, they claimed he failed to prepare an agreed order, dismissing all claims with prejudice. Appellee responded that the dismissal was predicated upon Appellants performing their obligations under the settlement agreement, that is, that they sign all necessary documents for him to close on the property. Appellee's position was that every contract for the sale of real property contains an implied obligation for the seller to convey marketable title, and that the settlement agreement thus impliedly obligated Appellants to convey marketable title. When Appellants failed to do so, Appellee alleged his performance under the agreement, i.e., to purchase the property and to prepare an agreed order for dismissal with prejudice, was impossible. Thus, Appellee moved for specific performance of the settlement agreement by asking the court to require Appellants to convey good and marketable title

2

to the Barstow property. Appellants responded that Appellee's preparation of the agreed order dismissing all claims with prejudice was a condition precedent to them signing all necessary documents to close on the property, and that the documents Appellee prepared, an agreed judgment for adverse possession and plaintiff's motion for non-suit, were not those contemplated by the parties.

The case proceeded to a bench trial. There, Appellee testified that his understanding of the settlement agreement was that Appellants would convey a marketable title to him so that he may obtain a mortgage. Appellee related that he wanted to buy the property and that he was qualified for a loan; however, without a good title, Appellee was unable to obtain funding, i.e., the mortgage. After the settlement agreement was executed, Appellee learned from the title companies that to obtain a good title, he needed an agreed judgment against Appellants, giving him sole ownership of the property. Heirship affidavits were not sufficient. Appellee claimed he would dismiss the suit with prejudice when good title to the property was bestowed.

Diane Welch testified that in exchange for what Appellee wanted, that is, marketable title to the property, she and Appellants wanted to be released from the lawsuit and to not have it come back in any way. However, Welch never saw an agreed order prepared by Appellee that spoke to dismissing all claims with prejudice, nor has Appellee ever mentioned that he prepared one. She only saw a motion and order for non-suit that proposed to dismiss the claims against all Appellants but her, and without prejudice.

Appellants were willing to provide a marketable title and to sign all necessary documents to close on the property, including going through an heirship proceeding in a probate court on the will. They understood that in order for Appellee to obtain a mortgage, they had to convey a good title to

3

the property. Appellants, however, were not willing to sign off on a judgment against them for adverse possession. Nor were they willing to sign a mutual release referencing a judgment against them but in favor of Appellee.

At the close of evidence, both parties moved for specific performance. Appellee wanted good title to the property before dismissing the suit, and Appellants wanted the suit dismissed before they bestowed good title. The trial court found Appellants in breach and ordered that they complete the necessary documents to convey a marketable title and then, that Appellee dismiss the case with prejudice. The trial court also awarded Appellee attorney's fees.

## DISCUSSION

On appeal, Appellants bring eight issues. Their first two issues contend that the trial court erred in finding that they, rather than Appellee, breached the settlement agreement, their third issue alleges that the trial court erred in finding that the settlement agreement was an enforceable contract to sell real property, their fourth and fifth issues assert that the trial court erred in finding that they were to provide marketable title to Appellee, their sixth issue argues that the trial court erred in finding that they will net less than the agreed upon $24,277.77, and their seventh and eighth issues challenge the trial court's award of attorney's fees to Appellee rather than to them. Finding all issues inadequately briefed, we determine nothing is presented for review and thus affirm the trial court's judgment.

We note that the language in Appellants' brief for each issue appears to raise no-evidence and factual-sufficiency challenges to support the trial court's implicit findings, following the bench trial. *See Pharo v. Chambers County*, 922 S.W.2d 945, 948 (Tex. 1996) (where no findings of fact or conclusions of law are filed after a bench trial, the trial court's judgment implies all findings of

4

fact necessary to support it); *see also BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002) (if a reporter's record is filed, the implied findings are not conclusive, and the appealing party may challenge them on legal and factual sufficiency grounds). Moreover, Appellants' issues also appear to invoke the abuse-of-discretion standard for each finding of fact and award of attorney's fees. *See Ragsdale v. Progressive Voters League*, 801 S.W.2d 880, 881 (Tex. 1990) (generally, an attorney's fees award rests within the sound discretion of the trial court, and will not be disturbed absent an abuse of that discretion). However, Appellants have not provided us with any citations to the standards of review, and their arguments for each issue contain no more than a mere recitation of the evidence presented in the pleadings and at trial followed by a few conclusory statements. There is, in essence, no legal argument presented, and Appellants do not cite to any case law addressing the points of error identical to those uttered at bar.[2]

Under the Rules of Appellate Procedure, Appellants are required to provide us with a legal argument and authorities that support that argument to maintain the point at issue. *See* TEX. R. APP. P. 38.1; *Ratsavong v. Menevilay*, 176 S.W.3d 661, 666 (Tex. App.–El Paso 2005, pet. denied), *cert. denied*, 549 U.S. 886, 127 S.Ct. 253, 166 L.Ed.2d 149 (2006). This is not done by merely uttering the facts and brief conclusory statements, unsupported by a standard of review and analogous legal authority. *Ratsavong*, 176 S.W.3d at 666. By presenting such attenuated, unsupported arguments,

---

[2] We recognize that Appellants, in their 47-page brief, cite generally to two cases and a few provisions of the Texas Civil Practice and Remedies Code, and the Property Code. The case cites merely reference the general proposition that the interpretation of a contract should not render any provisions therein meaningless, and that there is no ambiguity when a settlement agreement is clear, concise, and complete on its face. Similarly, the code cites merely concern the general propositions on marketable title, and that a settlement agreement is contractual in nature and breach of the same provides a cause of action. Appellants do not provide us with any case law or applicable code sections that are analagous to the claims they are raising, nor do they attempt to argue that this is a case of first impression. *See Kupchynsky v. Nardiello*, 230 S.W.3d 685, 692 (Tex. App.–Dallas 2007, pet. denied) (issue inadequately briefed when party gave general cite to case stating elements of cause of action).

we find Appellants waived their complaints. *See* TEX. R. APP. P. 38.1; *Johnson v. Oliver*, 250 S.W.3d 182, 187 (Tex. App.–Dallas 2008, no pet.) (issue inadequately briefed when party presented no authority to support their contention or argument); *Ratsavong*, 176 S.W.3d at 666 (issues inadequately briefed when party recited the evidence at trial followed by conclusory statements without any supporting case law and only stating that the standard of review was abuse of discretion); *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 646 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (issue inadequately briefed when party did little more than summarily state his point of error, without citations to legal authority or substantive analysis). Accordingly, we overrule each of Appellants' issues.[3]

## CONCLUSION

The trial court's judgment is affirmed.

GUADALUPE RIVERA, Justice

March 31, 2010

Before Chew, C.J., McClure, and Rivera, JJ.

---

[3] We further note that we may overrule Appellants' third, fourth, fifth, seventh, and eighth issues on other grounds. Indeed, we may not address issues that Appellants failed to present to the trial court. *See* TEX. R. APP. P. 33.1 (to preserve a complaint for appellate review, the complaint must be made to and ruled upon by the trial court first). Here, Appellants contend on appeal that they did not intend to grant a marketable title to Appellee (Issues Three, Four, and Five), nor should they pay Appellee's attorney's fees for various reasons gleaned from the firm's billing statement admitted at trial (Issues Seven and Eight). However, at trial, Appellants contended that their intention under the settlement agreement was to grant Appellee marketable title, and their complaints concerning Appellee's billing statements were never raised. *See Bollner v. Plastics Solutions of Texas, Inc.*, 270 S.W.3d 157, 168 (Tex. App.–El Paso 2008, no pet.) (appellants cannot raise on appeal that which was not raised in the trial court); *El Paso Refining, Inc. v. Scurlock Permian Corp.*, 77 S.W.3d 374, 383 (Tex. App.–El Paso 2002, pet. denied) (complaint on appeal must comport with the complaint made at trial or error, if any, is waived).