COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS


| | | |
|---|---|---|
| MICHAEL McCULLOCH, KATHLEEN M. McCULLOCH, AND ALICE McCOLLUM, Individually and d/b/a OSOBA RANCH, | § § § § § § § | No. 08-11-00270-CV Appeal from the 394th Judicial District Court of Brewster County, Texas (TC#2007-03-B8551-CV) |
| Appellants, | | |
| v. | | |
| BREWSTER COUNTY, TEXAS, | | |
| Appellee. | | |

## **O P I N I O N**

Michael and Kathleen McCulloch, and Alice McCollum, Individually and d/b/a Osoba Ranch (collectively "Appellants"), appeal the trial court's declaratory judgment entered in favor of Appellee Brewster County (the "County") declaring that Mills Road is a county road, which was impliedly dedicated to public use. We affirm.

## **BACKGROUND**

Appellants own a 9,000-acre ranch known as Osoba Ranch, which borders U.S. Highway 67 and is located primarily in Brewster County, Texas. A dirt road known as Mills Road runs through Osoba Ranch. On June 7, 2005, the Commissioners Court of Brewster County, Texas notified Appellants that it had designated Mills Road as a county road on its county road map.

Appellants were also notified that they had two years from June 7, 2005, to file suit and contest the County's road designation.

On March 15, 2007, Appellants filed suit pursuant to the Texas Declaratory Judgment Act and Chapters 258 and 281 of the Texas Transportation Code challenging the designation of Mills Road as a county road. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 37.001-37.011 (West 2008); TEX. TRANSP. CODE ANN. §§ 258.001-258.007, §§ 281.001-281.007 (West 1999). In part, Appellants sought a declaratory judgment that Mills Road is a private road and not a county road and that the County had not acquired an interest in Mills Road through implied dedication. The County answered that the roadway was dedicated to the public use as a public roadway by Appellants' predecessors in title, by the public's acceptance of the dedication, by the public use of the road as a public roadway, and noted that such public use has continued to the present time. The County also alleged that the origin of public use and the ownership of the land at the time of its origination could not be established. The County petitioned the trial court for a declaratory judgment that Mills Road is a county road and requested an award for reasonable and necessary attorney's fees. In its response to Appellants' request for admissions, the County admitted that it had not acquired title to the road by condemnation and that it had never paid Appellants for the road. The County further admitted that it had never adjusted or refunded the *ad valorem* taxes assessed against Appellants or their predecessors in title for the road's surface area.

After a bench trial, the trial court determined that Mills Road was a Brewster County road pursuant to Chapter 258 of the Texas Transportation Code, impliedly dedicated to public use, with a width of thirty feet. TEX. TRANSP. CODE ANN. §§ 258.001-258.007. The trial court ordered Appellants to pay the County $27,143 in attorney's fees and awarded conditional attorney's fees on appeal. No findings of fact or conclusions of law were requested. This appeal

2

followed.

## DISCUSSION

Appellants raise four issues on appeal.   In Issues One and Two, Appellants challenge the sufficiency of the evidence to support the trial court's determination that Mills Road through Osoba Ranch is impliedly dedicated to public use and that Mills Road through Osoba Ranch is a Brewster County road pursuant to Chapter 258 of the Texas Transportation Code.   TEX. TRANSP. CODE ANN. §§ 258.001-258.007.   In Issue Three, they question whether Chapter 258 violates federal and state constitutional law prohibiting the taking of private property for public use without just compensation and notice.   In Issue Four, Appellants contend the trial court erred by awarding attorney's fees to the County in violation of section 18.001(d) of the Texas Civil Practice & Remedies Code.   TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(d) (West 2008).

## SUFFICIENCY OF THE EVIDENCE

### *Standard of Review*

We review declaratory judgments under the same standards as other judgments.   TEX. CIV. PRAC. & REM. CODE ANN. § 37.010 (West 2008); *In re Estate of Tyner*, 292 S.W.3d 179, 182 (Tex. App. – Tyler 2009, no pet.).   When a declaratory judgment is entered after a bench trial, on appeal, we review the trial court's findings of fact and conclusions of law *de novo*.   *Van Dam v. Lewis*, 307 S.W.3d 336, 339 (Tex. App. – San Antonio 2009, no pet.).

If the trial court does not enter findings of fact or conclusions of law, all facts necessary to support the judgment and supported by the evidence are implied.   *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002).   When a reporter's record is provided, as in this case, the trial court's implied findings may be challenged by legal and factual sufficiency issues the same as jury findings or a trial court's findings of fact.   *Alford v. Johnston*, 224 S.W.3d 291, 296

3

(Tex. App. – El Paso 2005, pet. denied).

We may sustain a legal sufficiency of the evidence challenge only if one of the following circumstances exists: (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the only evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence conclusively establishes the opposite of a vital fact. *Merrell Dow Pharms., Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex. 1997). The trial court's judgment must be affirmed if it can be upheld on any legal theory supported by the evidence. *Hayes v. Anderson County*, 315 S.W.3d 170, 173 (Tex. App. – Tyler 2010, pet. denied).

In conducting a legal-sufficiency review, we consider evidence in the light most favorable to the trial court's findings and indulge every reasonable inference that would support them. *City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact finder could and disregard contrary evidence unless a reasonable fact finder could not. *Id.* at 827. However, in a factual-sufficiency review, we consider and weigh all of the evidence and will "set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust." *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986). In conducting our reviews, we are mindful that the trier of fact is the sole judge of the credibility of the witnesses and the weight to give their testimony, and that it is within his exclusive province to resolve any conflicts in the evidence. *City of Keller*, 168 S.W.3d at 819; *Precision Homes, Inc. v. Cooper*, 671 S.W.2d 924, 929 (Tex. App. – Houston [14th Dist.] 1984, writ ref'd n.r.e.).

### Implied Dedication

In Issue One, Appellants argue there is legally-insufficient evidence to support the trial court's judgment that Mills Road was impliedly dedicated to public use. Dedication is the act of

4

appropriating private land to the public for any general or public use. *Baker v. Peace*, 172 S.W.3d 82, 87 (Tex. App. – El Paso 2005, pet denied). Under common law, public roadways can be created by either express or implied dedication.[1] *Jezek v. City of Midland*, 605 S.W.2d 544, 548-49 (Tex. 1980); *O'Connor v. Gragg,* 161 Tex. 273, 339 S.W.2d 878, 882–83 (1960). Whether there has been a public dedication of property is a question of fact. *Viscardi v. Pajestka,* 576 S.W.2d 16, 17 (Tex. 1978). If an implied dedication of a public roadway occurred with a prior owner, a subsequent purchase of the property will not affect the dedication. *Baker*, 172 S.W.3d at 87.

The elements of an implied dedication are: (1) the acts of the landowner induced the belief that he intended to dedicate the road to public use; (2) he was competent to do so; (3) the public relied on these acts and will be served by the dedication; and (4) there was an offer and acceptance of the dedication. *Las Vegas Pecan & Cattle Co. v. Zavala County,* 682 S.W.2d 254, 256 (Tex. 1984). Generally, in order to establish donative intent, more than a landowner's omission or failure to act or acquiesce must be shown. *Baker*, 172 S.W.3d at 88. Such evidence may include allowing public authorities to grade, repair, improve, or fence off the roadway from the property. *Id*. However, evidence of a long and continued use of the disputed road by the public raises a presumption of dedication by the owner when the origin of the public use and land ownership at the time the public use began are "shrouded in obscurity" and no evidence showing the landowner's intent in allowing the initial public use exists. *Graff v. Whittle*, 947 S.W.2d 629, 637 (Tex. App. – Texarkana 1997, writ denied); *see also O'Connor*, 339 S.W.2d at 882.

---

[1] Effective August 31, 1981, section 281.003 of the Texas Transportation Code abolished the common-law doctrine of implied dedication of public roads from counties with a population of 50,000 or less. TEX. TRANSP. CODE ANN. §§ 281.001, 281.003(b) (West 1999). Brewster County is a county with a population of 50,000 or less. However, Chapter 281 is not retroactive. *Las Vegas Pecan & Cattle Co. v. Zavala County*, 682 S.W.2d 254, 256 (Tex. 1984). Therefore, the statutory abolishment does not affect an implied dedication that occurred before the statutory effective date. *See Scown v. Neie*, 225 S.W.3d 303, 309-10 (Tex. App. – El Paso 2006, pet. denied).

The County maintains that Mills Road was impliedly dedicated to the public. The County argues that undisputed evidence of long and continued use of Mills Road by the public raises a presumption of dedication by the owner as the origin of public use and the ownership of the land at the time the public use originated cannot be shown due to the lapse of time. Because an implied dedication results in "the appropriation of private property for public use without any compensation to the landowner," the County bears a heavy burden to establish an implied dedication. *Van Dam*, 307 S.W.3d at 340 (*citing County of Real v. Hafley*, 873 S.W.2d 725, 728 (Tex. App. San Antonio 1994, writ denied)). Therefore, we must determine whether the County established that the origin of Mills Road was "shrouded in obscurity" and that from that time, the roadway was subject to long and continuous use by the public.

*The Evidence Presented at Trial*

During a bench trial, both Appellants and the County presented witness testimony regarding the history and use of Mills Road. Several documents were also entered into evidence including: (1) maps dated in the 1920's which depict the road now known as Mills Road; (2) a 1941 plat completed by John Stovell, the County Surveyor in the early 1940's which shows that the road in question was a county road; (3) a 1954 map created by the U.S. Department of the Interior Survey which identifies the road in question and describes it as an improved light-duty road; and (4) a traffic map of Brewster County dated 1962, prepared by the Texas Department of Transportation in its regular course of business which characterizes the road in question as a bladed earth county road.

At trial, Travis Roberts, Chair of the Brewster County Historical Commission, testified that in his opinion, Mills Road could have started as a game trail and then became a wagon road that went from Marathon through the mountains to Hovey, Texas. He explained that Hovey was a

6

railroad depot and that the road in question was important to the commerce of Brewster County.

Through video deposition, King Terry, who was born in Alpine, Texas, testified that he first recalls being aware of Mills Road in the late 1930's and that the road had been there before his time. Terry testified that the road could be used by the public and if they used the road to go to Hovey it was because there was a railroad station, shipping pens, and a general store there. Terry stated that there had always been rabbit hunters and that sort of thing on the roadway. Terry further testified that when he went to work for the state highway department in 1950, the County maintained the road.

The video deposition testimony of Homer Mills, a long-time resident of Brewster County, indicates that Mills Road runs through a ranch his grandfather purchased in 1927. Mills testified that he has always considered the road to be a county road and that people used to call the road the "old county road." He further testified that the County put water diversions in the road in the mid-1950's. Mills stated that the County has always maintained the roadway and that Clyde Trimble, a County employee, worked Mills Road.[2] Mills further stated that to his knowledge no one had to get permission to drive Mills Road.

Asa Stone, County Commissioner for Precinct 1, and head of the Road and Bridge Department, testified that he did not know when Mills Road came into existence, but that it had been there all of his life. He further testified that from his earliest recollection of Mills road in the early 1950's until the present, the County has regularly maintained the road, including the cattle guards and 67 water turnouts on it. Stone stated that the road is caliche and the County has hauled caliche out there. Stone testified that he has never seen any private landowners maintaining the

---

[2] The video deposition testimony of Mac Benge, a Brewster County resident, who used Mills Road to access his ranch, also indicates that Mr. Trimble was the County's maintainer for Mills Road in 1959.

road and that the County has never felt like it has to ask permission to go onto Mills Road. Stone testified that Mills Road is used by commercial people, families going back and forth, children going to and from school, emergency management coordination, the County, and forest service crews. He also testified that the road has been used to reroute traffic during emergency situations on Highway 67.

Delmon Hodges partnered with Paul McCollum, Appellant Kathleen McCulloch's father, in purchasing property in Brewster County over which Mills Road traversed. By video deposition, Hodges testified that he did not know what Mills Road was called in the past, but his understanding in the early days was that it was a public road. Hodges testified that prior to him owning an interest in the property, he hunted along the roadway. He testified they purchased the property long before 1978, and that during his ownership the County came out and maintained the road and put caliche on the road and never asked permission to travel on the road. Hodges testified that during his ownership neither he nor his partners posted any private property or no trespassing signs.

Appellant Kathleen McCulloch testified that her father along with Delmon Hodges and others purchased property in Brewster County. After her father passed away, she became executrix of his estate. McCulloch testified that her law partner prepared the deed of trust assigning her and her husband an interest in Osoba Ranch and that they inserted Mills Road as a permitted encumbrance in the deed so that any prospective purchasers would be put on notice that an unrecorded easement for a county road existed.

Appellant Michael McCulloch testified that when he and his wife signed a deed giving them a 1/8 interest in Osoba Ranch, he knew that the deed contained a permitted encumbrance for an unrecorded easement for the county road. He stated that Mills Road is a well-traveled road that

is used by the public. McCulloch testified that he did not know when the public started using Mills Road and did not know who the landowners were at the time the public began using the roadway. He further testified that he had seen the County grading Mills Road with a maintainer, but he had also seen David Drennan, his partner, do the same. He further testified that he never spent any money to maintain the road. He also testified that neither he nor his in-laws, his predecessors in title, ever attempted to exercise any private right to Mills Road such as putting up a gate.

*Analysis*

Appellants contend that the testimony presented amounts to no evidence that Mills Road was impliedly dedicated to public use prior to September 1, 1981 because the evidence is inconsistent. Appellants maintain that it can be equally inferred that the County acquired a public interest in the road because the witnesses assumed it was a county road as much as it can be inferred that the landowners impliedly permitted travelers to use the road. We disagree. The trial court was entitled to weigh the credibility of the witnesses and we will not substitute our judgment for that of the fact finder. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 634 (Tex. 1986).

The record before us contains testimony of several witnesses who were familiar with Mills Road and who testified that the road has always existed. However, none of the witnesses testified about the origin of the public use or the land ownership at the time the public use originated. Because the record does not contain any evidence of the origin of the public use and the ownership of the land at the time it originated cannot be shown, the origin of Mills Road is "shrouded in obscurity." *See O'Connor*, 339 S.W.2d at 883; *Reed v. Wright*, 155 S.W.3d 666, 672 (Tex. App. – Texarkana 2005, pet. denied).

A presumption of dedication is established when there is a long and continuous public use

9

of a road whose origin is shrouded in obscurity. *Baker*, 172 S.W.3d at 89-90; *Graff*, 947 S.W.2d at 637. The record shows that the County conclusively established a long and continuous public use of Mills Road. The testimony revealed than neither Appellants nor their predecessors in title tried to assert that the road was a private road. The testimony of several witnesses indicated that no one needed permission to travel along the road and that the road was open to the public and in use since at least the 1940's. Moreover, the evidence also shows that the County regularly maintained the road since at least the 1950's and has continued to do so since that time. In addition, Mills Road appears on historical maps as a county road and at least one plat dated 1941. Appellants failed to present any evidence rebutting the presumption that Mills Road was impliedly dedicated to public use.

When viewed in a light most favorable to the verdict, more than a scintilla of evidence exists that Mills Road was used by the public for a long and continuous time. *City of Keller*, 168 S.W.3d at 822. Because the origin of Mills Road is shrouded in obscurity and there is evidence of long and continued use of the road by the public there is a presumption that the landowner intended to dedicate Mills Road. *Baker*, 172 S.W.3d at 89-90; *Graff*, 947 S.W.2d at 637; *Reed*, 155 S.W.3d at 671-72. Therefore, we conclude that the evidence is legally sufficient to support the trial court's judgment that Mills Road was impliedly dedicated as a public road and we uphold the trial court's judgment that the road in question is a public road. *Baker*, 172 S.W.3d at 89-90. Because legally-sufficient evidence supported the trial court's judgment that Mills Road was impliedly dedicated to public use, we need not address Issues Two and Three. Issues One, Two, and Three are overruled.

### Attorney's Fees

In Issue Four, Appellants complain that the trial court erred by awarding attorney's fees to

the County because the County failed to satisfy the required provisions under section 18.001(d) of the Texas Civil Practice & Remedies Code by serving a copy of the attorney's fee affidavit on the party to the case at least thirty days before the day on which evidence is first presented at trial. TEX. CIV. PRAC. & REM. CODE ANN. § 18.001(d) (West 2008). In an action for a declaratory judgment, the trial court may award reasonable attorney's fees and costs. TEX. CIV. PRAC. & REM. CODE ANN. § 37.009 (West 2008). The County responds that Appellants waived their complaint on appeal. We agree.

We may not address issues that Appellants failed to present to the trial court. *See* TEX. R. APP. P. 33.1(a)(1)(A)(B) (to preserve a complaint for appellate review, the record must show that a party complained to the trial court through a timely request, objection, or motion with sufficient specificity to make the trial court aware of the complaint, and the trial court made a ruling on the complaint); *Dodge v. Dodge*, 314 S.W.3d 82, 85, 86 n.3 (Tex. App. – El Paso 2010, no pet.) (overruling appellants' complaints about having to pay appellee's attorney's fees because issues were not presented to the trial court). Appellants did not object or file any post-judgment motions to the untimeliness of the attorney's fees affidavit or to the trial court's attorney's fees award; therefore, Appellants have not preserved this complaint for appeal. *Id*. Issue Four is overruled.

### CONCLUSION

We affirm the judgment of the trial court.


GUADALUPE RIVERA, Justice

December 21, 2012

Before McClure, C.J., Rivera, J., and Antcliff, J.


11