

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-18-00070-CV

---

ADRIANO KRUEL BUDRI                                    APPELLANT

V.

DANIEL M. HUMPHREYS                                    APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY
TRIAL COURT NO. 2017-007958-1

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Pro se appellant Adriano Kruel Budri raises twelve issues primarily challenging the trial court's final order dismissing his lawsuit against Appellee Daniel M. Humphreys under the Texas Citizens Participation Act (TCPA) and awarding Humphreys $6,819.00 in attorney's fees. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. Factual and Procedural Background

For twenty-seven days in January 2017, Budri worked as a truck driver for FirstFleet, Inc. Humphreys was his supervisor. On February 17, 2017, Humphreys sent an e-mail recommending Budri be dismissed based on multiple customer complaints, safety concerns, and serious company policy violations. FirstFleet terminated Budri's employment; and Budri filed the underlying lawsuit asserting claims against Humphreys for libel and defamation based on Humphreys's February 17 e-mail. Humphreys filed a motion to dismiss pursuant to the TCPA and it was set for a hearing on January 19, 2018.[2] Humphreys's counsel notified Budri of the scheduled hearing.

On January 12, 2018, Budri filed an amended petition purportedly asserting a new claim for fraud arising out of the same operative facts; and on January 17, 2018, he filed a motion to postpone or continue the January 19 hearing. The motion to postpone was not supported by an affidavit, did not include a certificate of conference, and did not provide any specific reason why Budri could not appear on January 19, 2018, but only requested postponement "for incompatibility of the day and time scheduled to appear at the courtroom as Plaintiff Self-represented Litigant Pro Se."

---

[2]Under the TCPA, a motion to dismiss must be set for a hearing no later than sixty days after service of the motion. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.004(a) (West 2015).

2

The trial court held the January 19, 2018 hearing on Humphreys's motion to dismiss. Budri did not appear at the hearing. The trial court first addressed the motion to postpone and stated on the record that it was denied because Budri had not provided any reason for the postponement. Humphreys's counsel confirmed that notice of the hearing had been provided to Budri, briefly argued the motion to dismiss, and presented an affidavit and billing statement as evidence of $6,819.00 in reasonable attorney's fees.

The trial court signed a January 19, 2018 order denying Budri's motion to postpone in part because "it failed to comply with [applicable] state and local rules." The order awarded Humphreys his "reasonable attorneys' fees" incurred in responding to and defending against "the motion to postpone," ordered Humphreys to submit "an amount of reasonable attorneys' fees for which [he sought] reimbursement" within five days, and provided that Budri could challenge the reasonableness of such fees within five days of their submission. The trial court also signed a second order on January 19, 2018, granting Humphreys's TCPA motion to dismiss, dismissing Budri's claims and causes of action against Humphreys with prejudice, and awarding Humphreys $6,819.00 in attorney's fees.

Budri subsequently filed numerous postjudgment motions. But none of them challenged the reasonableness of the amount of $6,819.00 for attorney's fees awarded to Humphreys. Two of Budri's postjudgment motions globally assert that the dismissal order should not have awarded "any kind of the

3

defendant's attorney's fees." The trial court conducted a February 20, 2018, hearing on all of Budri's postjudgment motions; the hearing was not recorded or transcribed; and it does not appear from our review of the record that Budri requested a court reporter. The trial court signed an order denying all of Budri's postjudgment motions. Budri perfected this this appeal.

While this appeal has been pending, Budri has filed nine motions for judicial notice, which we have denied, and he has filed a motion for sanctions against Humphreys's counsel, which we have denied.

### III. DISPOSITION OF BUDRI'S ISSUES

In his fourth issue, Budri claims that "the trial court erred by failing to continue the trial / Motion to dismiss despite the timely request via 'Motion to Postpone.'" Because Budri's motion to postpone was not verified or supported by an affidavit and because it did not state any reason demonstrating the need for a continuance, the trial court did not abuse its discretion by denying it. *See* Tex. R. Civ. P. 251; *see also, e.g.*, *Hartwell v. Lone Star, PCA*, 528 S.W.3d 750, 758 (Tex. App.—Texarkana 2017, pet. abated) (recognizing "[a] lack of diligence on the part of a party or its attorney is sufficient grounds for denying a motion for a continuance" and overruling appeal of denial of motion for continuance); *Davis v. Davis*, No. 2-00-436-CV, 2003 WL 1564824, at *5 (Tex. App.—Fort Worth Mar. 27, 2003, no pet.) (mem. op.) (affirming denial of motion for continuance when used solely for delay); *Arvedson v. Luby*, 498 S.W.2d 253, 257 (Tex. Civ. App.—Austin 1973, no writ) (holding no abuse of discretion when trial court denied an

4

application for continuance that "was neither verified nor supported by affidavit" as required by rule 251 because "[b]efore the trial court may exercise its discretion there must be a motion presented in conformity with Rule 251"). We overrule Budri's fourth issue.

In his fifth issue, Budri claims that "[t]he trial court erred in granting Defendant's Motion to Dismiss pursuant to the Texas Citizens Participation Act." Budri argues that Humphreys's e-mail is a private e-mail communication between business associates not involving a matter of public concern and that the TCPA is inapplicable for this reason. The TCPA's right-of-free-speech prong, however, limits its scope to communications involving a public subject, not to communications made in a public form. *See ExxonMobil Pipeline Co. v. Coleman*, 512 S.W.3d 895 (Tex. 2017) (acknowledging previous holding that "when construing the TCPA's 'right of free speech' prong, 'the plain language of the Act merely limits its scope to communications involving a public subject—not communications in a public forum.'") quoting *Lippincott v. Whisenhunt*, 462 S.W.3d 507, 508 (Tex. 2015))); *see also Cavin v. Abbott*, 545 S.W.3d 47, 62 (Tex. App.—Austin 2017, no pet.) (same). The allegedly defamatory statements in Humphreys's e-mail concerned, in part, incidents in which Budri drove a delivery truck with a flat tire on a public road and refused to wait for a tire repairman called by FirstFleet and in which Budri failed to report a delivery accident when the door of his delivery truck was torn off and continued to drive the damaged truck on public roads. Budri was delivering goods for public

5

consumption during these incidents. Thus, the allegedly defamatory statements were communications related to health or safety; community well-being; and a good, product, or service in the marketplace. *See* Tex. Civ. Prac. & Rem. Code Ann. § 27.005 (West 2015); *ExxonMobil Pipeline Co.*, 512 S.W.3d at 900 (explaining private statements between employee's supervisor and company investigator that led to employee's termination fell within ambit of TCPA because TCPA "does not require that the statements specifically 'mention' health, safety, environmental, or economic concerns, nor does it require more than a 'tangential relationship' to the same; rather, TCPA applicability requires only that the defendant's statements are 'in connection with' 'issue[s] related to' health, safety, environmental, economic, and other identified matters of public concern chosen by the Legislature"). We overrule Budri's fifth issue.

Budri's first, second, and third issues assert, in order,

(1) There is no statute that provides for attorneys' fees in an action for defamation;

(2) The trial court erred by order of attorney fees unrelated to this cause of action only on the basis on affidavit of attorney without affording response from plaintiff; and

(3) The trial court erred by issuing two separate conflicting orders of attorney fees on 01/19/2018.

Concerning Budri's first issue contending that no statute provides for attorney's fees for defamation, the TCPA provides for an award of attorney's fees when the trial court orders dismissal of a legal action under the TCPA. *See* Tex.

6

Civ. Prac. & Rem. Code Ann. § 27.009(a)(1) (West 2015). We overrule Budri's first issue.

Concerning Budri's second issue, although Budri filed, by our count, eight postjudgment motions, he did not provide a counteraffidavit or otherwise challenge the reasonableness of the $6,819.00 attorney's fees award. Thus, to the extent Budri's second issue challenges the reasonableness of the award, such a complaint is not preserved for our review. *See McCulloch v. Brewster Cty.*, 391 S.W.3d 612, 619 (Tex. App.—El Paso 2012, no pet.) ("Appellants did not object or file any post-judgment motions to the untimeliness of the attorney's fees affidavit or to the trial court's attorney's fees award; therefore, Appellants have not preserved this complaint for appeal."). Instead, Budri's global assertions challenging the award of attorney's fees appear to be directly connected to the purportedly improper dismissal of his lawsuit. Thus, having held above that the trial court did not err in granting Humphreys's TCPA motion to dismiss, we overrule Budri's second issue. *See Sullivan v. Abraham*, 488 S.W.3d 294, 299 (Tex. 2016) ("[T]he TCPA requires an award of 'reasonable attorney's fees' to the successful movant.").

Concerning Budri's third issue, the record reflects that the two orders the trial court signed on January 19, 2018, are an "Order Denying Plaintiff's Motion to Postpone Hearing" and an "Order Granting Defendant's Motion to Dismiss Pursuant to the Texas Citizens Participation Act." Budri does not explain how

7

these two orders conflict and no conflict is apparent to us. We overrule Budri's third issue.

In his sixth issue, Budri contends that "[t]he trial court erred in NOT finding common-law fraud for the reason there is evidence in the record to support a finding that appellee made representations." Budri's briefing on this issue, however, references defamation per se and not common-law fraud. Moreover, our review of Budri's amended pleading indicates that whatever label he places on his cause of action, he is seeking defamation damages. It is well established that the treatment of claims under Texas law focuses on the true nature of disputes rather than on allowing artful pleading to gain favorable redress under the law. *See Baylor Univ. v. Sonnichsen,* 221 S.W.3d 632, 636 (Tex. 2007); *Ambulatory Infusion Therapy Specialist, Inc. v. N. Am. Adm'rs, Inc.*, 262 S.W.3d 107, 112 (Tex. App.—Houston [1st Dist.] 2008, no pet.). We overrule Budri's sixth issue.

In his seventh issue, Budri argues that "[t]he trial court erred in denying (02) two amendments of Complaint." Although the record reflects that Budri filed an amended petition, he cites no place in the record showing that the trial court struck or refused to consider the amended petition. To the extent Budri's seventh issue relates to a not-ruled-upon motion for leave and a second amended petition he filed on February 12, 2018—several weeks after the January 19, 2018 final judgment, that petition asserted a new claim for retaliatory discharge. Thus, the trial court would have acted within its discretion by denying

8

that amendment. *See Greenhalgh v. Serv. Lloyds Ins. Co.*, 787 S.W.2d 938, 940 (Tex. 1990) (explaining trial court possesses discretion to deny leave to file postjudgment pleading amendment asserting a new cause of action as prejudicial on its face). We overrule Budri's seventh issue.

In his eighth issue, Budri complains that "[t]he trial court erred in allowing and admitting character evidence of appellant." In support of this issue, Budri argues that "appellee's attorney misinformed the Trial Court about character of Appellant as vexatious litigant and twisted the facts about this litigation and issues." Budri does not point us to, and we have not located, anywhere in the record that evidence concerning Budri's character was admitted or relied on by the trial court. In a civil case, we have no duty, or even the right, to perform an independent review of the record in order to determine whether there was error and fashion a legal argument for an appellant. *See Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931–32 (Tex. App.—Houston [14th Dist.] 2008, no pet.). We overrule Budri's eighth issue.

In his ninth issue, Budri argues that "[t]he trial court denied due to process of law." Budri broadly claims that he was deprived of due process of law and asserts violations of his Fifth and Seventh Amendment rights, the open courts provision of the Texas Constitution, and the Texas Code of Judicial Conduct. The focus of these allegations—made without record citations—appears to be on the trial court's denial of his motion for postponement of the dismissal hearing. To the extent Budri preserved these arguments, because we have held that the

9

trial court did not abuse its discretion by denying Budri's motion for postponement of the TCPA dismissal hearing, we overrule his ninth issue.

In his tenth issue, Budri asserts that "[t]he trial court erred in denying all the post judgment motions." The crux of Budri's argument under this issue is that "Appellant wanted to show up (02) two forensic document examination reports prepared and notarized by one signature's expert witness and proving the fraud occurred during the on boarding employment process and of which the defendant is accomplice of one workplace scan conspiracy against the plaintiff." Budri does not cite where in the record these "forensic documents" might be located, and we have not located them in our review of the record. Because we have no duty, or even the right, to perform an independent review of the record in order to determine whether there was error to fashion a legal argument for an appellant, we overrule Budri's tenth issue. *Canton-Carter*, 271 S.W.3d at 931–32.

In his eleventh issue, Budri alleges that "[Humphreys] is a felony [sic] convicted by the State of Texas." This is proof, Budri argues, that Humphreys does not have credibility or good character. The trial court dismissed Budri's claim under the TCPA; we cannot discern the relevance at this point in the litigation of any purported criminal history of any of the litigants, nor does it appear that Budri raised this alleged error in the trial court. We overrule Budri's eleventh issue.

Finally, in his twelfth issue, Budri contends that "Appellant is entitled to a new trial as reporter lost record of 02/20/2018." The record, however,

10

demonstrates that no court reporter took a record for the February 20, 2018 hearing, so there is no lost reporter's record. Thus, Budri is not entitled to a new trial based on a lost reporter's record. *See Haase v. Abraham, Watkins, Nichols, Sorrels, Agosto & Friend, L.L.P.*, 499 S.W.3d 169, 179 (Tex. App.—Houston [14th Dist.] 2016, pet. denied) (explaining appellant not entitled to new trial when "[t]he court reporter indicated that there is no record of the hearing" and appellant "ha[d] not provided any evidence that the court reporter made a record of the hearing and afterward the record was lost or destroyed"). We overrule Budri's twelfth issue.

## IV. CONCLUSION

Having overruled each of Budri's twelve issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL: WALKER, GABRIEL, and KERR, JJ.

DELIVERED: August 9, 2018

11