

# NUMBER 13-14-00214-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

TRINIDAD RIVERA,                                                         Appellant,

v.

PORT ARTHUR INDEPENDENT
SCHOOL DISTRICT, JOHNNY BROWN,
BARBARA POLK, AND
JERMAINE COOPER,                                                        Appellees.

**On appeal from the 136th District Court
of Jefferson County, Texas.**

# MEMORANDUM OPINION

**Before Justices Garza, Perkes, and Longoria
Memorandum Opinion by Justice Perkes[1]**

---

[1] Pursuant to a docket-equalization order issued by the Supreme Court of Texas, the appeal has been transferred to this Court from the Ninth Court of Appeals in Beaumont, Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2015 R.S.).

Appellant Trinidad Rivera filed suit against his employer, appellee Port Arthur Independent School District (PAISD), alleging unlawful retaliation. *See* TEX. LAB. CODE ANN. § 21.055 (West, Westlaw through 2015 R.S.). Rivera also asserted a common-law defamation claim against individual appellees,[2] Barbara Polk and Jermaine Cooper.[3] Prior to trial, the trial court granted the individual appellees' plea to the jurisdiction pursuant to the Texas Tort Claims Act's (TTCA) election-of-remedies provision, dismissing all claims against them. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a), (e) (West, Westlaw through 2015 R.S.). The case proceeded to trial against PAISD on Rivera's retaliation claim. Following a jury verdict in favor of Rivera, the trial court granted PAISD's motion for judgment notwithstanding the verdict (JNOV).

By two issues, Rivera argues: (1) there was sufficient evidence to support the jury's verdict; and (2) the trial court erred in granting the individual appellees' plea to the jurisdiction. By one cross-issue, the individual appellees argue that the trial court erred when it did not grant their plea to the jurisdiction on the basis of Texas Education Code section 22.0511 (as opposed to TTCA) and in failing to award attorney's fees. *See* TEX. EDUC. CODE ANN. §§ 22.0511, 22.055 (West, Westlaw through 2015 R.S.). We affirm.

## I. BACKGROUND

On September 24, 2004, Rivera filed a charge of discrimination against PAISD with the Equal Employment Opportunity Commission. At the time of the complaint,

---

[2] Rivera did not file any claims against Brown in his individual capacity.

[3] Rivera also brought a discrimination claim against PAISD and claims for violation of the Texas Constitution and declaratory relief against PAISD and Johnny Brown in his official capacity. However, Rivera does not raise any issues on appeal concerning those claims, which were dismissed by the trial court.

2

Rivera was a teacher at PAISD's Memorial High School. On November 15, 2005, Rivera filed a lawsuit against PAISD, asserting claims of discrimination and retaliation. The parties settled the suit on October 17, 2006. Rivera later filed the current lawsuit against PAISD alleging retaliation in relation to PAISD's handling of a student complaint against Rivera in September of 2009, which resulted in his suspension with pay prior to his eventual reinstatement.

Rivera was a teacher at PAISD's Edison Middle School for the 2009-2010 school year, where he served as the school's head football coach. On September 15, 2009, an incident occurred between Rivera and a student during a football game. According to Rivera, he repeatedly told one of his players on the sideline to stay out of the running lane so he would not interfere with the referee and cause the team to draw a penalty. Rivera testified that the student would not comply with his direction so he grabbed the student by the "V" on his shoulder pads to move him and while doing so the student slapped his hands away causing Rivera's finger to scratch the student's neck. Erik Martinez, a fellow coach, testified that he witnessed Rivera grab the student by his shoulder pads twice to move him back, while also pointing at the student with his finger.

The student told his mother that Rivera had choked him, and the mother confronted Rivera after the game. The mother reported the incident to the principal, Barbara Polk, the next day and later filed a written complaint in which she claimed that Rivera choked her son and scratched him on the neck. The complaint also provided that "Coach Cooper told [her son] to tell me to come to the school in the morning to speak to Mrs.

Polk." Jermaine Cooper was the assistant coach for the football team and a physical education aide.

On September 24, 2009, after conducting an investigation into the parent's complaint, Polk recommended to Johnny Brown, the PAISD superintendent, that PAISD terminate Rivera's contract. Rivera testified that he met with Brown on September 24, 2009, at which time Brown informed Rivera that he was being suspended with pay. On that same date, PAISD notified Rivera by written correspondence that he was being placed on administrative leave with pay "pending the results of the proposed termination of employment inquiry." The record reflects that PAISD interviewed several individuals who were present during the incident with the student, collected written statements, and reviewed photographs of the student's injury. PAISD reported the allegations to Child Protective Services and the State Board for Educator Certification. At trial, PAISD presented evidence by way of official Board Policy incorporating Texas statutes indicating the reports were required by law.

PAISD later proposed the termination of Rivera's term contract to the PAISD Board of Trustees. Rivera, who was entitled to a hearing regarding the proposed action, requested an administrative hearing before an independent hearing examiner.[4] At the conclusion of the hearing, the independent hearing examiner recommended that Rivera's

---

[4] Texas Education Code section 21.251 provides that a teacher may request a hearing before an independent hearing examiner "after receiving notice of the proposed decision to . . . terminate the teacher's probationary or term contract before the end of the contract period." TEX. EDUC. CODE ANN. § 21.251(a)(2) (West, Westlaw through 2015 R.S.).

contract not be terminated.[5]   The Board of Trustees adopted the recommendation of the independent hearing examiner and reinstated Rivera.

Brown notified Rivera of the Board's action and requested Rivera to report to his office the following day.   At the meeting, Brown, Polk, James Wyble, the human resources director, Rivera, and Rivera's friend, Cezar Munoz, were present.   Brown discussed whether Rivera would be assigned to Edison Middle School or a different campus.   Wyble testified that Rivera requested a transfer to a different campus.   Rivera and Munoz both testified that Rivera did not request a transfer.

Three days later, Rivera was notified that he was being reassigned to a position as a physical education teacher at PAISD's Alternative Center.   Rivera continued to receive compensation as a teacher on the same salary schedule through the date of trial. However, Rivera was not assigned to any coaching vacancies and no longer received a coaching stipend of approximately $6,700 annually.

---

[5] Section 21.257 of the education code provides, in part, as follows:

(a) Not later than the 60th day after the date on which the commissioner receives a teacher's written request for a hearing, the hearing examiner shall complete the hearing and make a written recommendation that:

(1) includes proposed findings of fact and conclusions of law; and

(2) may include a proposal for granting relief.

(a-1) A determination by the hearing examiner regarding good cause for the suspension of a teacher without pay or the termination of a probationary, continuing, or term contract is a conclusion of law and may be adopted, rejected, or changed by the board of trustees or board subcommittee as provided by Section 21.259(b).

*Id.* § 21.257(a), (a-1) (West, Westlaw through 2015 R.S.).

Rivera's theory at trial was that Cooper encouraged the student to report the incident because Cooper aspired to become the head football coach.[6] Rivera also alleged that Polk was a party to Cooper's plan. In that regard, Rivera presented evidence that Cooper had learned of Rivera's earlier lawsuit from Rivera himself, as well as the other coaches. A fellow coach, Clint Hoverson, testified that he heard someone comment during the summer of 2009 that Cooper was going to become the head football coach. Hoverson also testified that Cooper told him that he was asked to keep an eye on Rivera and to report any actions that might be detrimental to the team, such as cancelling practices. The evidence reflects that Rivera had occasionally cancelled practice in the past.

Cooper testified that Rivera confronted him after the first football game of the 2009 season because Cooper substituted a player without consulting Rivera. Cooper reported the incident to Polk because Rivera had used foul language when confronting him. With respect to Polk, who became the principal in 2008, Rivera presented no evidence that she had any knowledge of Rivera's prior lawsuit. Rivera also presented no evidence that Brown had knowledge of Rivera's prior lawsuit.

The jury returned a verdict in favor of Rivera on his retaliation claim[7] and awarded Rivera $21,100 in damages for lost earnings and $21,000 in compensatory damages.

---

[6] The record reflects that, at the time of trial, Cooper was no longer employed by PAISD.

[7] The jury answered "Yes" to the following jury question:

Did Defendant take an adverse employment action against Plaintiff because Plaintiff previously filed suit against Defendant Port Arthur Independent School District for wrongful employment practices including retaliation?

Plaintiff must establish that without his filing of the previous suit against Defendant, the actions of

6

PAISD filed a motion for JNOV arguing Rivera presented no evidence to support a prima facie case of retaliation. The trial court granted the motion on the basis that Rivera presented no evidence "to establish a causal link between [Rivera's] prior protected activity and any alleged adverse employment action on the part of . . . PAISD." The trial court further concluded that there was no evidence "that would support a reasonable inference that any alleged adverse employment action on behalf of . . . PAISD was undertaken in retaliation for [Rivera's] prior lawsuit." The trial court denied appellees' motion for sanctions and attorney's fees. This appeal followed.

## II. JUDGMENT NOTWITHSTANDING THE VERDICT

By his first issue, Rivera argues the trial court erred in granting PAISD's motion for JNOV. Rivera maintains that he "presented sufficient evidence to support the jury findings in his favor."

### A. Standard of Review

A trial court may disregard a jury's verdict and render judgment notwithstanding the verdict if no evidence supports the jury's findings. *See* TEX. R. CIV. P. 301 (authorizing JNOVs); *Rosenblatt v. Freedom Life Ins. Co. of Am.*, 240 S.W.3d 315, 318 (Tex. App.—Houston [1st Dist.] 2007, no pet.). We review a trial court's decision granting a motion for JNOV under a no–evidence standard, examining whether any evidence supports the jury's findings. *Gharda USA, Inc. v. Control Solutions, Inc.*, 464 S.W.3d 338, 347 (Tex. 2015); *see also City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)

Defendant would not have occurred. There may be more than one cause for an employment decision. Plaintiff need not establish that his filing of his previous lawsuit was the sole cause of the adverse employment decision.

7

(test for legal sufficiency is same for summary judgment, directed verdict, JNOV, and appellate no–evidence review). No evidence exists when there is:

> (a) a complete absence of evidence of a vital fact; (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (c) the evidence offered to prove a vital fact is no more than a mere scintilla; [or] (d) the evidence establishes conclusively the opposite of a vital fact.

*Gharda USA, Inc.*, 464 S.W.3d at 347 (quoting *City of Keller*, 168 S.W.3d at 810).

We review only the evidence tending to support the jury's verdict and "must disregard all evidence to the contrary." *Id.* (quoting *Mancorp, Inc. v. Culpepper*, 802 S.W.2d 226, 227 (Tex. 1990)). We consider the evidence and possible inferences in the light most favorable to the finding under review and indulge every reasonable inference that would support it. *Id.*; *City of Keller*, 168 S.W.3d at 822. If more than a scintilla of evidence supports the jury's finding, "the jury's verdict, and not the trial court's judgment must be upheld." *Wal–Mart Stores, Inc. v. Miller*, 102 S.W.3d 706, 709 (Tex. 2003). "More than a scintilla of evidence exists when the evidence supporting the finding 'rises to a level that would enable reasonable and fair-minded people to differ in their conclusions.'" *Gharda USA, Inc.*, 464 S.W.3d at 347 (quoting *Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex. 1995)).

## B.    Applicable Law

Rivera brought his claim for retaliation under the Texas Commission on Human Rights Act (TCHRA). *See* TEX. LAB. CODE ANN. §§ 21.001–.556 (West, Westlaw through 2015 R.S.). Pursuant to the TCHRA, an employer commits an unlawful employment practice if it retaliates against a person who (1) opposes a discriminatory practice,

8

(2) makes or files a charge, (3) files a complaint, or (4) testifies, assists, or participates in any manner in an investigation, proceeding, or hearing." *Madden v. El Paso Indep. Sch. Dist.*, 473 S.W.3d 355, 361–62 (Tex. App.—El Paso 2015, no pet.) (citing TEX. LAB. CODE ANN. § 21.055). Rivera claims he suffered an adverse employment action for having filed a previous charge of discrimination.

Where, as here, there is no direct evidence of retaliation, the employee must make out a prima facie case under the *McDonnell Douglas* burden-shifting analysis [8] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973); *Jespersen v. Sweetwater Ranch Apartments,* 390 S.W.3d 644, 654 (Tex. App.—Dallas 2012, no pet.). To establish a prima facie case of retaliation, a plaintiff must show (1) he engaged in a protected activity, (2) an adverse employment action occurred, and (3) a causal link exists between the filing of the claim and the adverse action. *See Burlington N. & Santa Fe Ry. v. White*, 548 U.S. 53, 67–68 (2006); *Pineda v. United Parcel Serv., Inc.*, 360 F.3d 483, 487 (5th Cir. 2004).

The trial court's JNOV was rendered on the basis that there was no evidence of a causal link. With respect to this element, the employee must establish that absent his protected activity, the adverse employment action would not have occurred when it did. *See Gumpert v. ABF Freight Sys., Inc.*, 293 S.W.3d 256, 262 (Tex. App.—Dallas 2009, pet. denied); *McMillon v. Tex. Dep't of Ins.*, 963 S.W.2d 935, 940 (Tex. App.—Austin

---

[8] Although we consider the TCHRA's plain language and state precedent in interpreting the statute, we also look to federal law for interpretive guidance to meet the legislative mandate that the Act is intended to provide for the execution of the policies of Title VII and its subsequent amendments. *See* TEX. LAB. CODE ANN. § 21.001(1) (West, Westlaw through 2015 R.S.); *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001).

1998, no pet.). In other words, the plaintiff must prove that he would not have suffered an adverse employment action "but for" engaging in the protected activity. *Navy v. College of the Mainland*, 407 S.W.3d 893, 901 (Tex. App.—Houston [14th Dist.] 2013, no pet.); *see Univ. of Tex. Sw. Med. Ctr. v. Nassar*, ___ U.S.___, 133 S.Ct. 2517, 2533 (2013) (discussing causation requirement for retaliation claim brought under Title VII). The employee need not establish that the protected activity was the sole cause of the adverse employment action. *Herbert v. City of Forest Hill*, 189 S.W.3d 369, 377 (Tex. App.—Fort Worth 2006, no pet.).

Circumstantial evidence sufficient to show a causal link between an adverse employment decision and the protected activity may include: (1) the employer's failure to follow its usual policy and procedures in carrying out the challenged employment actions; (2) discriminatory treatment in comparison to similarly situated employees; (3) knowledge of the discrimination charge or suit by those making the adverse employment decision; (4) evidence that the stated reason for the adverse employment decision was false; and (5) the temporal proximity between the employee's conduct and discharge. *Crutcher v. Dallas Indep. Sch. Dist.*, 410 S.W.3d 487, 494 (Tex. App.—Dallas 2013, no pet.).

## C. Analysis

Rivera's evidence was largely based on his theory that Cooper encouraged the student complaint because he aspired to become the head football coach. However, Cooper did not have the authority to suspend or terminate Rivera. "It is well established that, in determining whether an adverse employment action was taken as a result of

10

retaliation, our focus is on the final decision maker." *Royal v. CCC & R Tres Arboles, L.L.C.,* 736 F.3d 396, 404 (5th Cir. 2013) (quoting *Ackel v. Nat'l Commc'ns, Inc.,* 339 F.3d 376, 385 (5th Cir. 2003)).  The authority to recommend termination fell to Polk and Brown, and ultimately to the Board of Trustees to act on that recommendation.

Regarding the investigation and suspension, Rivera presented no evidence that PAISD failed to follow its usual policy and procedures.   Rather, the evidence reflects that PAISD's actions resulted from a parent complaint of injury to a child, and it was PAISD's policy to suspend the accused employee with pay pending investigation. Rivera presented no evidence that PAISD treated other employees who had been subject to a similar complaint differently.

Rivera also presented no evidence that Polk, who initially recommended Rivera's termination, or Brown, who recommended Rivera's termination to the Board of Trustees, had any knowledge of Rivera's prior lawsuit.   Further, while the Board of Trustees ultimately decided that the student complaint did not warrant termination of Rivera's contract, there is no evidence that the stated reason for proposing Rivera's termination was false.   In other words, Rivera presented no evidence that the student or the student's mother were encouraged to fabricate an allegation against Rivera so that he could be terminated.   Rather, according to Rivera himself, he grabbed the student by his shoulder pads which resulted in a scratch to the student's neck.

Finally, the three-year span between Rivera's earlier discrimination lawsuit and his suspension and proposed termination does not serve as any evidence of a causal connection.  *See Clark County Sch. Dist. v. Breeden*, 532 U.S. 268, 274 (2001) (twenty-

11

month lapse between protected activity and employer's prohibited conduct is "by itself, no causality at all"). Rivera presented no evidence, other than his own subjective belief, that the investigation and its aftermath were undertaken as retaliation for having filed an earlier lawsuit. *See Chandler v. CSC Applied Techs., LLC*, 376 S.W.3d 802, 823 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) (employee's subjective beliefs of retaliation are merely conclusions and do not raise fact issue precluding summary judgment in retaliatory discharge claim).

In light of the three-year lapse between the settlement of Rivera's earlier lawsuit and the absence of other evidence of retaliatory motive, Rivera has failed to present more than a scintilla of evidence to support the causation element for a prima facie case of retaliation. *See Gharda USA, Inc.*, 464 S.W.3d at 347. Therefore, we conclude the trial court properly granted JNOV in favor of PAISD. We overrule Rivera's first issue.

### III. PLEA TO THE JURISDICTION

By his second issue, Rivera argues the trial court erred in granting the individual appellees' plea to the jurisdiction on the basis of professional immunity. Specifically, Rivera asserts that "[t]he trial court possessed jurisdiction . . . against the individual [appellees] because the [TTCA] . . . election of remedies provision does not apply to claims under the TCHRA." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a), (e).[9]

---

[9] Texas Civil Practice and Remedies Code section 101.106 provides in relevant part as follows:

(a) The filing of a suit under this chapter against a governmental unit constitutes an irrevocable election by the plaintiff and immediately and forever bars any suit or recovery by the plaintiff against any individual employee of the governmental unit regarding the same subject matter.

. . . .

(e) If a suit is filed under this chapter against both a governmental unit and any of its employees,

12

We agree with Rivera that the TTCA election-of-remedies provision cannot serve as a basis to dismiss a claim brought under the TCHRA. *See Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 654–55, 660 (Tex. 2008) (TTCA's election-of-remedies provision does not bar recovery under TCHRA due to that statute's separate waiver of immunity). Rivera, however, did not plead a cause of action under the TCHRA against the individual appellees.[10] Further, Rivera does not argue on appeal that the trial court erred in dismissing any claims other than those brought under the TCHRA. Therefore, the dismissal of any non-TCHRA causes of action is not properly before us. *See Pat Baker Co. v. Wilson*, 971 S.W.2d 447, 450 (Tex. 1998) (appellate courts are prohibited from addressing unassigned error in civil cases). We overrule Rivera's second issue.

## IV. CROSS-APPEAL

By one cross-issue, individual appellees argue "[t]he trial court erred when it did not dismiss Brown,[11] Polk, and Cooper based on Tex[as] Educ[ation] Code [section]

---

the employees shall immediately be dismissed on the filing of a motion by the governmental unit.

TEX. CIV. PRAC. & REM. CODE ANN. § 101.106(a), (e) (West, Westlaw through 2015 R.S.).

[10] Rivera could not have brought a retaliation claim against the individual appellees because they are not "employers" under the TCHRA. *See Anderson v. Houston Cmty. Coll. Sys.*, 458 S.W.3d 633, 649 (Tex. App.—Houston [1st Dist.] 2015, no pet.) ("Under the express terms of the TCHRA, employers may be liable for an unlawful employment practice. The Act does not create a cause of action against supervisors or individual employees." (citations omitted)).

[11] We note that Rivera did not bring any claims against Brown in his individual capacity. *See Nueces Cty. v. Ferguson,* 97 S.W.3d 205, 214 (Tex. App.—Corpus Christi 2002, no pet.) ("A person filing suit against an individual solely in an official capacity . . . cannot impose liability or recover damages from that same person in an individual capacity.")

13

22.0511 and did not award Brown, Polk, and Cooper attorneys' fees based on Tex[as] Educ[ation] Code [section] 22.055." As previously discussed, the trial court granted individual appellees' plea to the jurisdiction on the basis of section 101.106 of the Texas Civil Practice and Remedies Code and dismissed Rivera's claims against them. Nevertheless, individual appellees maintain on appeal that the claims should have been dismissed on the basis of professional immunity, an alternative theory raised in their plea to the jurisdiction. We disagree.

## A.    Professional Immunity

Appellees asserted in their plea to the jurisdiction that they "[were] entitled to professional immunity [pursuant to Texas Education Code section 22.0511] and the claims asserted against [them] should be dismissed for lack of subject matter jurisdiction." A plea to the jurisdiction challenges the court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). On appeal, we review a trial court's ruling on a plea to the jurisdiction de novo. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Section 22.0511 of the Texas Education Code, titled "Immunity from Liability", provides as follows:

> A professional employee of a school district is not personally liable for any act that is incident to or within the scope of the duties of the employee's position of employment and that involves the exercise of judgment or discretion on the part of the employee, except in circumstances in which a professional employee uses excessive force in the discipline of students or negligence resulting in bodily injury to students.

TEX. EDUC. CODE ANN. § 22.0511.

14

Section 22.0511 is an affirmative defense which provides professional school employees immunity from liability in relation to actions taken within the scope of their employment. *Foster v. Estrada*, 974 S.W.2d 751, 753 (Tex. App.—San Antonio 1998, pet. denied). Immunity from liability and immunity from suit are two distinct principles. *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 638 (Tex. 1999). Immunity from suit defeats the trial court's subject matter jurisdiction and may be asserted in a plea to the jurisdiction. *Id.* In contrast, immunity from liability, like other affirmative defenses to liability, must be pleaded or else it is waived. *Id.*; *see Welch v. Hrabar*, 110 S.W.3d 601, 606 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) (party asserting affirmative defense bears the burden of pleading and proving its elements). Unlike immunity from suit, immunity from liability does not affect the court's jurisdiction to hear a case. *Jones*, 8 S.W.3d at 638. Therefore, the trial court did not err in granting appellees' plea to the jurisdiction on a basis other than section 25.011 of the Texas Education Code.

## B. Attorney's Fees

A trial court may award attorney's fees to a professional employee of the school district if (1) the suit was dismissed or judgment rendered in the employee's favor, and (2) the court finds that the suit was frivolous, unreasonable, and without foundation. TEX. EDUC. CODE ANN. § 22.055. We review the trial court's refusal to award fees pursuant to section 22.055 of the Texas Education Code under an abuse of discretion standard. *Kessling v. Friendswood Indep. Sch. Dist.*, 302 S.W.3d 373, 387 (Tex. App.—Houston [14th Dist.] 2009, pet. denied).

After reciting the provisions of section 22.055, appellees' argument in support of this sub-issue consists only of the following: "Rivera's suit against [individual appellees] was frivolous as they are immune from personal liability. Individuals have had to defend a lawsuit for which they are not personally liable." Appellees are required to provide us with a legal argument and authorities that support their argument on appeal. *Dodge v. Dodge*, 314 S.W.3d 82, 86 (Tex. App.—El Paso 2010, no pet.); *see* TEX. R. APP. P. 38.1. This is not done by merely uttering the facts and brief conclusory statements, unsupported by analogous legal authority. *Dodge*, 314 S.W.3d at 86. By presenting such attenuated, unsupported arguments, appellees waived their complaints. *See* TEX. R. APP. P. 38.1; *Johnson v. Oliver*, 250 S.W.3d 182, 187 (Tex. App.—Dallas 2008, no pet.) (issue inadequately briefed when party presented no authority to support contention or argument); *Ratsavong v. Menevilay*, 176 S.W.3d 661, 666 (Tex. App.—El Paso 2005, pet. denied) (issues inadequately briefed when party recited evidence at trial followed by conclusory statements without any supporting case law and only stating the standard of review); *Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 646 (Tex. App.—Houston [1st Dist.] 2002, no pet.) (issue inadequately briefed when party did little more than summarily state point of error, without citations to legal authority or substantive analysis).

Even if we were to reach appellees' argument, we would not conclude that the trial court's failure to award attorney fees was an abuse of discretion. A "frivolous" suit is generally understood to mean one that does not have a reasonable basis in law or fact. *See Gen. Elec. Credit Corp. v. Midland Cent. Appraisal Dist.*, 826 S.W.2d 124, 125 (Tex. 1991) (per curiam) (stating suit is not frivolous so long as it has "reasonable basis in law

16

and constituted an informed, good-faith challenge"); *see generally* TEX. R. CIV. P. 13 (authorizing sanctions against party or party's attorney for filing "groundless" pleading; defining "groundless" pleading as one that has "no basis in law or fact and [is] not warranted by good faith argument for the extension, modification, or reversal of existing law").  While the individual appellees ultimately prevailed on Rivera's claim, we do not believe the trial court abused its discretion in determining that Rivera's claims against the individual appellees had a reasonable basis in law and fact.  We overrule appellees' cross-issue.

## V. CONCLUSION

We affirm the judgment of the trial court.


GREGORY T. PERKES
Justice

Delivered and filed the
21st day of April, 2016.

17